FILED

NOT FOR PUBLICATION

SEP 04 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRELL D. CURRY, | No. 13-15314 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-03408-EMC |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted August 25, 2015[**]

Before:      McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Terrell D. Curry appeals pro se from the district

court's summary judgment in his action under 42 U.S.C. § 1983 and the Religious

Land Use and Institutionalized Persons Act ("RLUIPA") alleging that defendants'

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

refusal to provide him with a Kemenic religious food diet violated the free exercise clause of the First Amendment and RLUIPA. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on Curry's RLUIPA claim because defendants met their burden to show that their refusal to provide Curry with a Kemenic food diet, as conceived of and described by Curry, of mostly raw, vegan, non-genetically modified and non-irradiated food was the least restrictive means of furthering the prison's compelling interests in prison security and cost-efficient food service. *See* 42 U.S.C. § 2000cc–1(a)(1)-(2) (stating that under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise" of a prisoner unless the government establishes that the burden furthers "a compelling governmental interest" and does so by "the least restrictive means"); *Shakur*, 514 F.3d at 890 (explaining that a prison cannot meet its burden unless it "demonstrates that it has actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice" (citation and internal quotation marks omitted)); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1291-92 (9th Cir. 2000) (district court did not err in refusing to entertain new theory of liability raised for first time at summary judgment stage).

13-15314

The district court properly granted summary judgment on Curry's free exercise claim because Curry failed to raise a genuine dispute of material fact as to whether defendants' refusal to provide him with a Kemenic food diet, as conceived of and described by Curry, was not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (holding that a prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to legitimate penological interests").

We do not consider issues or arguments not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**